**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DeWitt White, successor in interest to Douglas Woodward, Laura Woodward, and Douglas Woodward Insurance Agency LLC, | ) ) ) ) ) | No. CV-11-00230-PHX-NVW  **ORDER** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Arch Insurance Company, et al., | ) ) | |
| Defendants. | ) ) ) | |

Before the Court is Defendant Arch Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. 10), which states that it is made pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b).[1] Pursuant to Fed. R. Civ. P. 12(d), the Court treats the Motion as a motion for summary judgment under Rule 56(a) because it presents matters outside the pleadings.[2] Plaintiff does not object to considering the motion as one for summary judgment and offers his own evidence in response to the motion. Therefore, there is no prejudice to Plaintiff in treating the motion as one for summary judgment.

---

[1] The Motion should have referenced Rule 56(a), not 56(b).

[2] Finding that oral argument will not assist the Court, Defendant's request for oral argument is declined.

1         The Motion partially complies with the Rules of Practice of the U.S. District Court for the District of Arizona. Under the Local Rules, any party filing a motion for summary judgment must also file a separate statement of facts "setting forth each material fact on which the party relies in support of the motion." LRCiv 56.1(a). "Each material fact in the separate statement . . . must refer to a specific admissible portion of the record where the fact finds support. . . ." *Id.* "Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion." LRCiv 56.1(e). Here, the Motion includes a statement of facts, though it is not separate from the motion or memorandum, and the memorandum does not include citations to specific paragraphs of the statement of facts.

        Plaintiff has filed a separate controverting statement of facts, but it does not comply with Local Rule 56.1(b), which states:

> Any party opposing a motion for summary judgment must file a statement separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. . . . Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts must, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

Plaintiff did not respond separately to any specific paragraphs in Defendant's statement of facts.

        In spite of both parties' failure to comply with the Local Rules, the Court will decide the Motion as filed to avoid delay and additional legal expense for the parties because the material facts are not disputed. The Court can access the undisputed facts without undue burden and will do so to decide the motion, though it is not required to.

There is confusion in the briefs of both parties. Rather than prolong this order with corrections of each of those confusions, this order addresses the correct and dispositive legal analysis.

**I.     Background**

In 2007, both Plaintiff DeWitt White and Douglas Woodward were agents for Farmers Insurance Company of Arizona. At that time, Farmers agents and district managers were provided professional liability coverage by a Company Sponsored Insurance Agents Errors and Omissions Policy issued by Defendant Arch Insurance Company.

In 2007, Woodward also was insured under ten Farmers policies for automobile, homeowner, landlord, boat, off-road vehicle, retail, and umbrella insurance. He was employed by the Douglas A. Woodward Insurance Agency, Inc., and was both the agent and the insured on these policies.

In March 2007, Plaintiff invited Douglas and Laura Woodward to vacation with him and his girlfriend in Puerto Penasco (Rocky Point), Mexico, as "last minute" substitutes for Plaintiff's daughter and boyfriend. The Woodwards were not involved in making any trip plans and rode to Rocky Point in Plaintiff's truck. They had vacationed in Rocky Point many times on their own and had never rented jet skis there. The Woodwards had no intention of renting jet skis in Rocky Point. During the Woodwards' four-day vacation with Plaintiff and his girlfriend, Plaintiff arranged for a thirty-minute rental of jet skis and insisted that Douglas Woodward ride with Plaintiff and his girlfriend. Laura Woodward was sick, but Douglas Woodward reluctantly went with Plaintiff and his girlfriend. While Douglas Woodward, Plaintiff, and Plaintiff's girlfriend were riding the jet skis, two of the jet skis collided, and Plaintiff suffered serious injuries requiring medical treatment. In May 2007, Douglas Woodward gave Farmers notice of Plaintiff's personal injury claim.

In December 2007, Woodward tendered Plaintiff's personal injury claim to Arch. Arch's claims administrator, Lancer Claims Service, sent a letter to Woodward asking for

a one or two page letter describing "the transaction in dispute" and a copy of Woodward's complete file on this matter. Woodward responded by email, identifying himself as the agent and Plaintiff as the claimant. Woodward described the jet ski collision, but made no mention of any professional negligence.

In July 2008, Lancer Claims Service notified Plaintiff's attorney that Arch failed to find any liability or wrongdoing by Woodward that would warrant payment to Plaintiff. Lancer's letter explained:

> As you are aware, Mr. Woodward and Mr. White are both Farmers' agents. However, Mr. Woodward has never acted in the capacity as Mr. White's agent. Mr. Woodward has never written any policies or been asked to write any policies for Mr. White. The two men had been friends for many years and in 2007, Mr. White invited Mr. Woodward to Mexico with others. Mr. Woodward did not have any expectation that he would be riding a jet ski and has only ridden a jet ski a couple of times in his life. Moreover, on the day of the accident, Mr. Woodward did not want to ride jet skis, however was convinced to do so by your client.
>
> Furthermore, as we discussed, the claim by your client is not an Errors & Omissions claim. There is no claim by a customer against Mr. Woodward, as his agent. Nevertheless, you have stated that if we deny Mr. White's claim, you will file a lawsuit against Mr. Woodward's agency for failure to sell himself an insurance policy to cover the accident that occurred between Mr. Woodward and Mr. White. You further stated that you would thereafter obtain an assignment of the lawsuit from Mr. Woodward, which will become an E&O claim, and you would then file a lawsuit against Mr. Woodward's E&O insurance carrier for bad faith. . . . .
>
> Mr. Woodward has been made aware of your intentions and understands that entering into an agreement with you for such an assignment would constitute a violation of Exclusion I, cited above. Furthermore, please note that coverage is prohibited under Mr. Woodward's Policy when an Insured brings a claim against another Insured pursuant to Exclusion XIV, which is cited above. It is our understanding that your client, Mr. White, is a contracted agent with Farmers Insurance. Therefore, he meets the definition of an INSURED as cited above.
>
> In conclusion, based on our investigation, we find no evidence of professional negligence on the part of our insured, Mr. Woodward or his agency.

(Doc. 10-6.)

In October 2008, Farmers notified Woodward that none of his ten Farmers insurance policies covered Plaintiff's personal injury claim because the accident occurred in Mexico, did not involve a four-wheel land vehicle or an off-road vehicle, involved jet

- 4 -

skis, etc. Woodward's personal umbrella policy expressly excluded liability for bodily injury arising out of the use of any watercraft used by the insured.

In December 2008, Plaintiff sued the Woodwards for personal injury in Maricopa County Superior Court, alleging that he had incurred medical special damages and incurred lost income special damages of up to the aggregate amount of $300,000, as well as general damages of pain, anguish, suffering, anxiety, discomfort, and the overall impairment to his quality of life. In January 2009, defense and indemnity of the Complaint was tendered to Arch via mail to Lancer.

In March 2009, Lancer acknowledged receipt of the claim filed by Douglas Woodward against the Douglas A. Woodward Insurance Agency, Inc., based on the underlying lawsuit titled *DeWitt White v. Douglas Woodward, et al.*, filed in Maricopa County Superior Court, and declined tender of the defense and indemnity of the lawsuit. Lancer's March 2009 letter addressed to Douglas Woodward stated in part:

> As you are aware, this matter was originally reported to us as a claim by Mr. White that you failed to offer or write coverage for a Jet Ski rental in Mexico. Mr. White contended that your agency, Douglas Woodward Insurance Agency, LLC should have sold a policy to you (Mr. Woodward), so that when you went on the trip to Mexico with Mr. White, you would have had coverage for rental of a jet ski and subsequent injuries that may have resulted from an accident while riding a jet ski. Mr. White has now filed a Complaint against you for the accident and his resulting injuries, medical bills. There is no allegation in the complaint about failing to provide professional services for others. You confirmed that Mr. White is not a customer of yours and that, at the time of the loss, he was also a Farmers agent.

(Doc. 10-7.) The letter also quoted the policy exclusion for bodily injury.

After Arch denied coverage of Plaintiff's claim under Douglas Woodward's professional liability insurance policy, Plaintiff and the Woodwards settled Plaintiff's personal injury case by means of a *Damron* agreement. *See Damron v. Sledge*, 105 Ariz. 151, 460 P.2d 997 (1969). Under Arizona law, when an insurer refuses to defend its insured, the insured may settle the case and assign any rights he had against the insurer for bad faith in refusing to defend in exchange for a covenant not to execute. Absent fraud or collusion, the existence and scope of the insured's liability is fixed by the

settlement agreement, and the insurer may dispute only coverage under the insured's policy. If coverage is found, the insurer must pay the damages stipulated by the insured and the third-party plaintiff. Under their *Damron* agreement, Plaintiff and the Woodwards agreed to judgment in favor of Plaintiff and against the Woodwards in the amount of $875,000.00 plus interest, Plaintiff agreed not to take any action against the Woodwards to collect the judgment, and the Woodwards individually and on behalf of the Douglas A. Woodward Insurance Agency assigned to Plaintiff their claim and all causes of action, including breach of contract and bad faith, against Arch Insurance Company.

On September 8, 2010, Plaintiff filed the present suit in Maricopa County Superior Court. On December 16, 2010, Plaintiff served the complaint on Arch. On February 2, 2011, Arch removed the case to this Court under 28 U.S.C. §§ 1332(a)(2) and 1441(b).

Plaintiff's Complaint alleges, in part:

> 11. Defendants Woodward were insured by Farmer's Group of Insurance Companies including Farmer's Insurance and Foremost Marine Insurance, however, there was no liability insurance which covered the loss.
>
> 12. Mr. Woodward's insurance agency (Douglas Woodward Insurance Agency, LLC, hereinafter "Agency") holds Errors and Omissions coverage through Arch Insurance Company with at least $1,000,000.00 liability limits under that policy. The policy provided coverage of at least $1,000,000.00 for Errors and Omissions made by the Agency, its agents or employees under that policy. The policy also provided that Arch Insurance had a duty to defend any suit seeking such damages related to said Errors and Omissions.
>
> 13. Mr. Woodward's Farmer's agent[3] failed to procure adequate coverage for its insured, Douglas Woodward, or mistakenly believed that Mr. Woodward had adequate coverage.
>
> 14. This failure and/or mistaken belief concerning insurance coverage was negligent. . . . In the context of global resolution of the underlying lawsuit, the Woodwards assigned the Errors and Omissions claim to Plaintiff DeWitt White and the Woodward Agency assigned the breach of contract and bad faith claims to Plaintiff DeWitt White.
>
> . . . .

---

[3]"Mr. Woodward's Farmer's agent" *is* Mr. Woodward.

- 6 -

27.     Arch Insurance Company breached the contractual duty to
defend and as a consequence is obligated to pay the agreed upon judgment
and all defense fees and costs incurred by the Woodwards and the Agency.

                28.     Arch Insurance Company anticipatorily breached the
contractual duty to indemnify and as a consequence is obligated to pay the
agreed upon judgment and all defense fees and costs incurred by the
Woodwards and the Agency.

                29.     Arch Insurance Company breached the duty of good faith and
fair dealing and as a consequence is obligated to pay the agreed upon
judgment and all defense fees and costs incurred by the Woodwards and the
Agency.

(Doc. 1-2.) In his response to the motion for summary judgment, Plaintiff concedes that Arch's conduct was not an anticipatory breach, but rather only a breach of contract. (Doc. 17 at 14.)

**II.     Legal Standard**

Summary judgment shall be granted if the evidence shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must produce evidence and show there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact is one that might affect the outcome of the suit under the governing law. *Id*. at 248. A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

**III.    Analysis**

Plaintiff contends that, as successor in interest to the Woodwards, he may assert breach of contract and bad faith claims against Arch for its refusal to defend and indemnify the Douglas A. Woodward Insurance Agency, Inc., against Douglas Woodward's claim that the agency committed professional negligence by failing to properly advise him regarding the adequacy of the coverage provided to him by his ten Farmers policies. However, the Company Sponsored Insurance Agents Errors and

Omissions Policy issued by Arch that was in effect at the time of the accident does not provide coverage for such a claim.

The Errors and Omissions Policy identifies the insured as "AGENTS AND DISTRICT MANAGERS OF FARMERS INSURANCE EXCHANGE." For purposes of this motion, it is assumed that the insureds are both Douglas Woodward and Douglas A. Woodward Insurance Agency, Inc.

A corporation can act only through its officers and agents. *Miller v. Arnal Corp.*, 129 Ariz. 484, 491, 632 P.2d 987, 994 (1981). Thus, the corporation cannot commit professional negligence unless its agent commits professional negligence. In this case, the insurance sold to Douglas Woodward by the Douglas A. Woodward Insurance Agency was sold through its agent, Douglas Woodward. Any negligent advice given to Douglas Woodward by the Douglas A. Woodward Insurance Agency was given through its agent, Douglas Woodward, also a named insured. The Errors and Omissions Policy expressly covers "any negligent act, error or omission of the INSURED . . . in rendering or failing to render PROFESSIONAL SERVICES **for others** . . . ." Plaintiff does not allege Woodward negligently rendered or failed to render professional services for others, only for himself.

Further, even if Woodward had advised and sold insurance to a third party rather than to himself, under the facts presented here, he was not negligent. "An insurance agent owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance." *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 397, 682 P.2d 388, 402 (1984). An insurance agent "must exercise the degree of care ordinarily expected of persons in the profession." *Id.* at 398, 682 P.2d at 403. Plaintiff does not allege that Woodward mishandled an application for insurance or failed to timely forward a premium to the insurer. Rather, Plaintiff alleges that Woodward failed to assume responsibility, without any request from the insured, for advising whether the insured's current policies would cover bodily injury of another that the insured caused while using a rented jet ski in Mexico when the insured

- 8 -

did not expect to go to Mexico and did not intend to use a jet ski, much less a rented one. Independently assuming such a responsibility exceeds the degree of care ordinarily expected of insurance agents.

When this case is backed out of the *Damron* agreement and the assignment of Woodward's claim to White, it is a bare lawsuit by Woodward against Woodward for not buying his own insurance. He does so to tap into the professional liability insurance he had to protect him from claims by others. The law recognizes no liability of Woodward to himself and gives no remedy for it. Woodward, another named insured selling insurance to himself, is not an "other[]" as required by the policy.

The Errors and Omissions Policy does not cover a professional negligence claim by Douglas A. Woodward against the Douglas A. Woodward Insurance Agency, Inc. There is no breach of contract and no bad faith denial of coverage.

IT IS THEREFORE ORDERED that Defendant Arch Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. 10), a motion for summary judgment under Fed. R. Civ. P. 56(a), is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendant and against Plaintiff and that Plaintiff take nothing. The Clerk shall terminate this case.

DATED this 8th day of July, 2011.

_____
Neil V. Wake
United States District Judge