**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeWitt White, successor in interest to Douglas Woodward, Laura Woodward, and Douglas Woodward Insurance Agency, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Arch Insurance Company, et al.,<br><br>    Defendants. | No. CV-11-00230-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Arch Insurance Company's Motion for Attorney's Fees and Costs (Doc. 22).

On July 8, 2011, the Court entered judgment in favor of Defendant and against Plaintiff. (Doc. 20.) On July 22, 2011, Defendant moved for award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d)(2)(A) and LRCiv 54.2, which require a claim for attorney's fees and related nontaxable expenses to be filed no later than 14 days after the entry of judgment and a supporting memorandum and documentation to be filed within 60 days of the entry of judgment. Although the time for filing the supporting memorandum and documentation has not expired, the Court will spare the parties the additional and unnecessary expense of preparing and responding to a supporting memorandum and documentation by ruling on Defendant's motion now.

Defendant seeks award of attorneys' fees under 28 U.S.C. § 1927 and A.R.S. § 12-341.01. Section 1927 permits a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Although Plaintiff's theory of recovery lacked merit, the Court does not find that Plaintiff's attorney multiplied the proceedings in this case unreasonably and vexatiously.

Under A.R.S. § 12-341.01(A), the Court has discretion to award the successful party reasonable attorneys' fees in any contested action arising out of contract. In his preliminary response to Defendant's motion, Plaintiff incorrectly contends this action did not arise out of contract because:

> The Court ruled that the Errors and Omissions policy (Contract) does not cover a professional negligence claim by Douglas A. Woodward against the Douglas A. Woodward Insurance Agency, Inc. and that there was no breach of contract and no bad faith denial of coverage. In other words, the Court ruled that there was no contract.

(Doc. 24.) This case decided coverage and breach issues of an existing insurance policy. The Court did not rule there was no contract, as Plaintiff states, but rather that the existing contract does not provide Plaintiff the relief sought. An action arises under contract for purposes of § 12-341.01(A) when the contract in question is central to the issues of the case. *ASH, Inc. v. Mesa Unified Sch. Dist.*, 138 Ariz. 190, 192, 673 P.2d 934, 936 (Ct. App. 1983) ("arising out of contract" in § 12-341.01(A) describes an action in which a contract was a factor causing the dispute). Moreover, even if the Court had decided there was no contract, Arizona courts have approved an award of fees under § 12-341.01(A) where the successful party proved the absence of a contractual relationship. *Id.*; *Shirley v. Hartford Accident & Indem. Co.*, 125 Ariz. 70, 71, 607 P.2d 389, 390 (Ct. App. 1979).

To exercise its discretion under § 12-341.01(A), the Court considers the factors set forth in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), which include the merits of the unsuccessful party's claim, whether assessing fees against the unsuccessful party would cause an extreme hardship, the novelty of the legal question presented, and others. Although the action here lacked merit, its novelty and the

likelihood that assessing fees would cause an extreme hardship weigh against a discretionary fee award.

IT IS THEREFORE ORDERED that Defendant Arch Insurance Company's Motion for Attorney's Fees (Doc. 22) is denied.

DATED this 11th day of August, 2011.

*Neil V. Wake*
Neil V. Wake
United States District Judge